UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CAE INC., *et al.,*

        Plaintiffs,

      v.                                                                 Civil No. 09-697-HA

THREE CITIES RESEARCH, INC.,                              OPINION AND ORDER
*et al*.,

        Defendants.

_____

HAGGERTY, District Judge:

    A number of defendants in this complex case have advanced several motions and

motions-in-the-alternative.  These defendants, who refer to themselves as the "Three Cities

defendants," consist of Three Cities Research, Inc.; Three Cities Fund III, L.P.; TCR Friends III,

L.P.; TCR Co- Investors III, L.L.C.; TCR GP, L.L.C.; Christopher Baltes; Willam F.P. De

Vogel; Federico Schiffrin; Wiliam Uhrig; Thomas Weld; and Shawn Casey.  These defendants

advance two motions to dismiss [19 and 21] and a Motion to Stay Discovery [32].  For the

reasons that follow, the Three Cities' Motion to Dismiss on *Forum Non Conveniens* Grounds

1 -- OPINION AND ORDER

[19] is granted. Accordingly, this court need not reach other arguments presented in that Motion

addressing abstention or staying this action pending arbitration, and the Motion to Dismiss for

Failure to State a Claim Under Rule 12(B)(6) and Motion to Dismiss for Failure to Plead Fraud

Allegations With Particularity [21] is moot.

**STANDARDS FOR *FORUM NON CONVENIENS* DISMISSAL**

This court may, in its discretion, decline to exercise jurisdiction on *forum non conveniens*

grounds in cases in which litigation in a foreign forum would be more convenient for the parties.

*Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1177 (9th Cir. 2006) (quoting *Lueck v.*

*Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001)); *see also Piper Aircraft Co. v. Reyno*,

454 U.S. 235, 254 n.22 (1981); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 504 (1947).

"A party moving to dismiss based on *forum non conveniens* bears the burden of showing

(1) that there is an adequate alternative forum, and (2) that the balance of private and public

interest factors favors dismissal." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1118 (9th Cir.

2002) (citing *Lueck*, 236 F.3d at 1142-43).

Private factors include ease of access to sources of proof, compulsory process to obtain

the attendance of hostile witnesses and the cost of transporting friendly witnesses, and other

problems that interfere with an expeditious trial. *Contact Lumber Co. v. P.T. Moges Shipping*

*Co.*, 918 F.2d 1446, 1451-52 (9th Cir. 1990). Public interest factors include court congestion,

the interest in resolving the controversy locally, and the preference for having a forum apply a

law with which it is familiar. *Id.*

The strong presumption favoring a domestic plaintiff's choice of forum can be overcome

only when the private and public interest factors clearly point towards trial in the alternative

forum. *Piper Aircraft*, 454 U.S. at 253-57; *Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir.

2000). "*Forum non conveniens* is 'an exceptional tool to be employed sparingly, [not a] . . .

doctrine that compels plaintiffs to choose the optimal forum for their claim.'" *Dole Food*, 303

F.3d at 1118 (9th Cir. 2002) (quoting *Cheng v. Boeing Co.*, 708 F.2d 1406, 1410 (9th Cir.

1983)).

## **BACKGROUND**

Only the facts relevant to the motion practice before the court are summarized here.

Details regarding the parties' litigation will be addressed as necessary below.

Plaintiffs constitute a part of a large, publicly traded Canadian-based conglomerate.

Plaintiff CAE Inc. is a Canadian company with its principal place of business in Saint-Laurent,

Quebec. It is the parent company of plaintiff CAE (US) Inc. (CAE (US)) and plaintiff CAE

Wood Products GP (CAE Wood Products). CAE Wood Products is a Canadian partnership

registered in Quebec. CAE (US) is a Delaware corporation with its principal place of business in

Wilmington, Delaware. Both are wood products businesses.

In 2002, CAE Wood Products and CAE (US) were purchased by Coe/Newness/McGehee

ULC and Coe Newness/McGehee Corp., two companies owned via private equity funds

managed by defendant Three Cities Research, Inc., a Delaware corporation. The purchase was

executed under a Sale and Purchase Agreement (SPA, or Agreement) dated July 31, 2002. There

is no dispute that the principal businesses being sold were Canadian based, and that the

purchasers were Canadian. Plaintiffs were paid $22.8 million in Canadian dollars at closing, and

the SPA additionally referred to the possibility of a "Contingent Consideration" being paid

depending upon the performance of the acquired businesses.

In 2006, plaintiffs began litigating the issue of whether any Contingent Consideration is owed to them.  Consistent with venue terms in the SPA, plaintiffs filed suit in January 2006 in Ontario, Canada.  The named defendants in that suit included four of the five current TCR defendants: TCR Co-Investors III, LLC; Three Cities Fund III, LP; TCR Friends III, LP; and Three Cities Research, Inc.

In that action, a Canadian court considered the terms of the SPA and ordered plaintiffs and eight defendants who are also named in this suit to arbitrate their dispute.  Preparation for that arbitration went forward, and extensive discovery – including depositions, production, and expert analysis – was undertaken.

On August 31, 2007, before the arbitration began, plaintiffs filed a second suit in Ontario, Canada, apparently to toll limitations periods and to preserve potential claims.  That action is still pending.  In that action, plaintiffs are suing nine of the twelve defendants named in the suit before this court.

The court-ordered arbitration arising from the first suit commenced in Toronto on April 21, 2008.  After four days of hearings, the arbitrator stayed arbitration when one of the defendant purchasers initiated bankruptcy proceedings.

This stay expired on August 11, 2008.  While the parties appear to favor completing the arbitration if undertaken in good faith, there has been no recommencement reported.

On June 18, 2009, plaintiffs initiated this action.  Plaintiffs assert that defendants engaged in racketeering activity in violation of 18 U.S.C. § 1962 ("RICO"), including, but not limited to, acquiring ongoing businesses in the United States and Canada through shell entities established for the purpose of limiting future liability; negotiating deferrals of portions of purchase prices

until after closing of the sale, and then refusing to pay those deferrals by, in part, controlling the shell entities through overlapping officers and directors in intentional disregard of conflicts of interest; asserting unsubstantiated claims against the seller; and fraudulently manipulating the accounting of the acquired businesses to avoid contractual payment obligations and improperly using the bankruptcy process to delay and avoid the seller's efforts to recover amounts owing. Compl. at 2-3.

Plaintiffs assert that although they are willing complete the pending Canadian arbitration if the parties participate in good faith, the arbitration has been rendered futile and cannot resolve whether these defendants, in this action, are liable to plaintiffs. Plaintiffs contend that they "chose to avoid duplicative proceedings, and to attempt to obtain full relief and file suit where defendants established the headquarters for their fraudulent operations—Oregon. The fraudulent transactions, accounting, and manipulations that caused [plaintiffs] harm were conducted primarily out of offices in Tigard, Oregon, and directed in large part from New York, New York." Pl.s' Mem. in Opp. at 2.

## ANALYSIS

"At the outset of any *forum non conveniens* inquiry, the court must determine whether there exists a proper alternative forum. Ordinarily, this requirement will be satisfied when the defendant is 'amenable to process' in the other jurisdiction." *Lockman*, 930 F.2d at 768. Despite plaintiffs' suspicion that defendants have "switched positions" on this question, Pl.s' Mem. in Opp., at 2 fn.1, nearly all defendants admit that they are amenable to process in the proposed alternative forum of Canada, and that all parties are susceptible to service of such process, and that Canada is both an adequate and available alternative forum.

Plaintiffs' assertion that Jeffrey Darbut – a recently added co-defendant – may not consent to personal jurisdiction in Canada fails to render Canada as an inadequate forum.  If, in fact, Darbut legitimately objects to Canadian personal jurisdiction, then it is possible that plaintiffs' case against Darbut could proceed to trial, on its merits, in this court.  *Watson v. Merrell Dow Pharm., Inc.*, 769 F.2d 354, 357 (6th Cir. 1985).  Such an action would likely commence after the Canadian litigation is resolved.

Upon recognizing that there is an adequate alternative forum, this court then must balance the private and public interest factors to determine if dismissal is appropriate.  *Dole Food Co.*, 303 F.3d at 1118;  *Lueck*, 236 F.3d at 1142-43.  The public interest factors the court considers include court congestion, the local interest in resolving the controversy, and the preference for having a forum apply a law with which it is familiar.  *Contact Lumber*, 918 F.2d at 1451-52.  A significant rationale for the *forum non conveniens* doctrine is to reduce instances in which district courts would be "conducting complex exercises in comparative law."  *Lueck*, 236 F.3d at 1144.

Canada's extensive involvement in the heart of this litigation is undeniable.  Although plaintiffs' allegations against defendants refer to "certain corporate offices" of defendants being relocated to Tigard, Oregon, alleged fraudulent letters from defendants being mailed from Oregon, and to similar litigation regarding defendants' misconduct being heard in Oregon, Canada's interest in resolving the claims asserted in this suit is significantly greater than Oregon's interest.  Pl.s' Mem. in Opp. at 8-12.  Similarly, the law applicable to interpreting and enforcing the SPA is more familiar to Canadian courts than to this court.

Canada has an abiding interest in the integrity of commercial transactions negotiated and carried out within its boundaries concerning the purchase of Canadian companies. Canada's interest in this case is bolstered by the rulings already made by Canadian courts regarding this dispute. These include interpreting the SPA, ordering arbitration, guiding the parties during the initiation of bankruptcy proceedings, and issuing a Confidentiality Order regarding the production of evidence.

The pending arbitration process awaiting recommencement is another factor supporting the conclusion that Canada's interest in resolving plaintiffs' claims exceeds Oregon's interest. Although plaintiffs contend that recommencing the arbitration would be futile, the possible merits of that assertion are best evaluated by the Canadian court that ordered the arbitration. This court has nevertheless examined the authorities presented by plaintiffs regarding their claims that returning to arbitration would be futile, and has found those authorities to be unpersuasive or inapposite on the question of whether this case should be dismissed on *forum non conveniens* grounds.

The Ninth Circuit addressed futility under circumstances in which remanding to an arbitrator who would have been free to render only a single conclusion that would be accorded judicial deference. *Am. Postal Workers Union AFL-CIO v. U.S. Postal Serv.*, 682 F.2d 1280, 1285 (9th Cir. 1982). Such reasoning is plainly inapplicable to the circumstances presented here, where arbitration is incomplete and appears to be subject to a variety of arguments and extensive evidence.

In light of plaintiffs' RICO allegations, another Ninth Circuit decision regarding futility could be construed as more relevant. In *Dogherra v. Safeway Stores, Inc.*, the Ninth Circuit

concluded that "fraud vitiated the arbitral ruling." 679 F.2d 1293, 97-98 (9th Cir. 1982). The Ninth Circuit reasoned that remanding to an arbitrator "would serve no purpose" in a case in which pending "questions turn upon [a single] issue of fact" and would compel the district court to enter judgment.

However, it is impossible to determine whether fraud will – or could – improperly skew an arbitration process that remains incomplete. The mere possibility that the arbitration process at issue – or the rulings that will at some point ensue – may be challengeable at some point does not refute Canada's prevailing interest in the underlying litigation and sheds no light on the question of whether this case should be dismissed on *forum non conveniens* grounds.

To the extent that the pending arbitration status is relevant to whether this court should dismiss on *forum non conveniens* grounds, our federal policy strongly favoring arbitration tips the balancing further toward dismissal. *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983) ("doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability") (footnote and citations omitted). Plaintiffs' doubts about the efficacy of completing the arbitration they bargained for in their SPA fail to unseat the analysis that the balancing of the public interest factors favor dismissal.

This court has also considered plaintiffs' contentions regarding private interest factors. Pl.s Mem. in Opp., 25-27. Courts consider the following private interest factors:

1.    The residence of the parties and the witnesses;

2.    The forum's convenience to the litigants;

3.      Access to physical evidence and other sources of proof;

4.      Whether unwilling witnesses can be compelled to testify;

5.      The cost of bringing witnesses to trial;

6.      The enforceability of the judgment; and

7.      "[A]ll other practical problems that make trial of a case easy, expeditious and

        inexpensive."

        *Gulf Oil*, 330 U.S. at 508.

        The district court should look to any or all of the above factors which are relevant to the

case before it, giving appropriate weight to each, and should consider them together in arriving

at a balanced conclusion. *Lueck*, 236 F.3d at 1145-46 (citing *Gulf Oil*, 330 U.S. at 508).

        An objective evaluation of these factors leads to the conclusion that a Canadian forum is

appropriate. Most witnesses appear to be located in New York City or Canada. Documentary

evidence would likely have similar sources, and the court notes that extensive discovery has

already been conducted pursuant to the Canadian arbitration efforts. Moreover, defendants

advance a compelling argument that an existing Canadian Confidentiality Order precludes using

confidential documents in this forum. At the very least, this contention would require litigation,

and is a factor favoring dismissal.

        Plaintiffs' arguments regarding the burdens of eliciting testimony from third parties are

unpersuasive. Plaintiffs are entitled to request that this court, as well as any other district court

having jurisdiction over individuals whom plaintiffs believe may have relevant testimony or

documents, order such persons to provide such discovery in aid of a foreign proceeding. *See* 28

U.S.C. § 1782.

9 -- OPINION AND ORDER

Finally, plaintiffs' concerns regarding the relative ease with which they might collect on a judgment obtained in Oregon rather than in Canada (against primarily New York defendants) are unfounded.  Arguments that a Canadian judgment would be any more difficult to collect are speculative, and do not materially affect the court's balancing.

Accordingly, this court concludes that, like the balancing of public factors, the evaluation of relevant private factors favors dismissal.  The results of this analysis compel this court to decline to exercise jurisdiction on *forum non conveniens* grounds.

## CONCLUSION

Defendants' Motion to Dismiss on *Forum Non Conveniens* Grounds [19] is granted. Accordingly, this court need not reach other pending arguments and denies the following other motions as moot: defendants' alternative arguments to dismiss on abstention grounds or to stay this action pending arbitration; defendants' Motion to Dismiss for Failure to State a Claim Under Rule 12(B)(6) and Motion to Dismiss for Failure to Plead Fraud Allegations With Particularity [21]; and defendants' Motion to Stay Discovery [32].  This action is dismissed with prejudice.

IT IS SO ORDERED.

Dated this __16__ day of November, 2009.


___/s/ Ancer L. Haggerty_____
Ancer L. Haggerty
United States District Judge


10 -- OPINION AND ORDER